**Mohanad HUSSEIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72562.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2007.

Filed May 23, 2005.

Niels Frenzen, University of Southern CA Law School Immigration Clinic, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Leonard Schaitman, Esq., Wendy M. Keats, Esq., U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: NOONAN, PAEZ, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Mohanad Hussein ("Hussein"), a native and citizen of Sudan, petitions for review of the Board of Immigration Appeal's ("BIA") decision affirming and adopting an Immigration Judge's ("IJ") decision to deny his application for asylum and withholding of removal. Because we find that Hussein has a well-founded fear of future persecution, we now GRANT Hussein's petition and REMAND to the BIA for proceedings consistent with this memorandum.

■ An applicant may qualify for asylum by proving a well-founded fear of future persecution. *Knezevic v. Ashcroft*, 367 F.3d 1206, 1212 (9th Cir.2004). That fear must be both subjectively genuine and objectively reasonable. *Id.* at 1213. Hussein satisfied the subjective element by testifying credibly about his fear of future persecution. *Id.*

To prove that his fear is objectively reasonable, Hussein must present "credible, direct, and specific evidence" supporting at least "a ten percent chance" that he would be persecuted by the government if forced to return to Sudan. *Id.* at 1212–13; *see also INS v. Cardoza–Fonseca*, 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). We find that Hussein has met this burden.

Like his grandfather, father, mother, brother, and sisters before him, Hussein is an active member of the Democratic Union Party ("DUP"), an opposition political party in Sudan. While in high school, he posted flyers critical of the government and attended several secret meetings of about nine to eleven DUP members, each time fearful of arrest, detention, and torture. Testimony regarding Hussein's brother's and father's experiences of arrest, detention, and torture indicate that activities on behalf of the DUP in particular, are punished harshly by the Sudanese police state.

Hussein's documentary submissions further corroborate his fear with reports that Sudanese security forces regularly arrest, beat, and abuse youths and students deemed to be opponents of the government. In 2002, the year preceding Hussein's hearing before the IJ, the number of student victims of torture increased. The U.S. State Department's 2002 Country Report on Human Rights Practices in the Sudan found that the Sudanese government's human rights record is "extremely poor." The Report indicates that the Sudanese regime's efforts to identify and repress political opponents is extensive. Unless officially sanctioned, gatherings of more than five people—gatherings such as the DUP meetings Hussein attended—are illegal. A wide network of government informants conducts surveillance in schools, universities, markets, workplaces, and neighborhoods.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

All of this evidence, taken as whole, compels a finding that Hussein has at least a one in ten chance of future persecution by Sudanese authorities. His fear of persecution is both subjectively genuine and objectively reasonable.

■ Finally, substantial evidence in the record does not support the IJ's finding that Hussein's and his mother's return trips to Sudan undercut his claim of well-founded fear. *See Boer–Sedano v. Gonzales*, 418 F.3d 1082, 1091 (9th Cir.2005) (evidence of return trips alone not dispositive of absence of fear of persecution). Hussein's lesser fear of returning to Sudan when he was a 13–year–old boy with no political experience is not substantial evidence that a 15–year–old high school student who had joined an opposition political party, attended its illegal meetings, and posted flyers critical of an authoritarian government did not have an objectively reasonable fear of persecution. Similarly, the fact that Hussein's mother returned briefly to Sudan is not probative of Hussein's own lack of fear since he and his mother are not similarly situated. *Cf. Lim v. INS*, 224 F.3d 929, 935 (9th Cir.2000) (safety of family members relevant to well-founded fear analysis only when they are *similarly situated* to petitioner).

■ While Hussein is eligible for asylum, he does not qualify for withholding of removal. The evidence in the record does not compel a finding of a "clear probability" of persecution. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006).

PETITION GRANTED and REMANDED.